UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA,

               Plaintiff,

   -against-

DWAYNE STONE,
JAMES McTIER and
SHARIEF RUSSELL,

              Defendant.
------------------------------------------------x

MEMORANDUM AND ORDER
05 CR 401 (ILG)

GLASSER, United States District Judge:

      The defendant Russell once again moves this Court for an Order that would sever his trial from that of his co-defendants McTier and Stone or, in the alternative, preclude the government from introducing in evidence the out of court statements of McTier and Stone. The basis upon which he seeks this relief is that the out of court statements made by them to law enforcement officials are "testimonial" and inadmissible in accordance with <u>Crawford v. Washington</u>, 541 U.S. 36, 52 (2004). He contends that, among other things, those statements tend to prove the existence of the "enterprise" (the Folk Nation), and his membership in a conspiracy to participate in the affairs of that enterprise through a pattern of racketeering, essential elements of the crimes charged which the government must prove beyond a reasonable doubt.

      In opposition to the motion, the government represents that it will offer the statements of McTier and Stone, duly redacted in accordance with <u>Bruton v. United States</u>, 391 U.S. 123 (1968), only against each of them and request the Court to give the jury a limiting instruction to that effect at the appropriate time.

**Discussion**

The statements of McTier and Stone made to law enforcement officers, redacted in compliance with Bruton v. United States, 391 U.S. 123 (1968), were "formal statement[s] to government officers bear[ing] testimony in a sense that a person who makes a casual remark to an acquaintance does not" and "the Framers would not have allowed admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." Crawford v. Washington, 541 U.S. 36, 51-54 (2004). The question this motion presents is whether statements which pass muster pursuant to Bruton must also pass muster pursuant to Crawford? A review of Bruton and Richardson v. Marsh, 481 U.S. 200 (1987), will provide the answer.

Bruton held that a defendant (here, Russell), is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a non-testifying co-defendant is introduced at their joint trial even if the jury is instructed to consider the confession only against the co-defendant. In Bruton, the co-defendant's confession explicitly implicated the defendant. The redacted statements of McTier and Stone make no reference to Russell, explicitly or implicitly.

Russell does not dispute his anonymity in those statements. He contends that those statements will tend to prove the existence of the enterprise, an element of the crimes charged in Counts I and II, substantive RICO and RICO conspiracy respectively, and in Count XX (Murder in Aid of Racketeering) and Count XXII (Attempted Murder in Aid of Racketeering). It is not enough, however, for the government to prove the existence of an enterprise to establish Russell's guilt, the government must also prove that he was associated with the enterprise in some meaningful way to prove his guilt in

Count I; that <u>he</u> was a member of the conspiracy in Count II; and, that <u>he</u> committed the murder and attempted to commit the murder in Counts XX and XXII respectively.  The most critical and imaginative reading of the statements of McTier and Stone do not identify Russell as tied to those Counts.  Other evidence will have to be introduced at trial to link him to the crimes with which he is charged.  <u>Richardson</u> compels the conclusion that his contention that the admissibility of those statements is precluded by <u>Crawford</u> and that his trial must be severed from theirs is misplaced.  The Court in that case held that <u>Bruton</u> was not applicable in a case where "the confession was not incriminating on its face, and became so only when linked with evidence introduced later at trial. . . ." 481 U.S. at 208.  The Court went on to observe that trying "defendants separately whenever an incriminating statement of one of them is sought to be used. . . is not as facile or as just a remedy as might seem." <u>Id</u>. at 209.  And in language peculiarly appropriate here wrote:

> One might say, of course, that a certain way of assuring compliance would be to try defendants separately whenever an incriminating statement of one of them is sought to be used.  That is not as facile or as just a remedy as might seem.  Joint trials play a vital role in the criminal justice system, accounting for almost one-third of federal criminal trials in the past five years.  Many joint trials - for example, those involving large conspiracies to import and distribute illegal drugs - involve a dozen or more codefendants.  Confessions by one or more of the defendants are commonplace - and indeed the probability of confession increases with the number of participants, since each has reduced assurance that he will be protected by his own silence.  It would impair both the efficiency and the fairness of the criminal justice system to require, in all these cases of joint crimes where incriminating statements exist, that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand.  Joint trials generally serve the interests of justice by avoiding

> inconsistent verdicts and enabling more accurate assessment of relative culpability-advantages which sometimes operate to the defendant's benefit. Even apart from these tactical considerations, joint trials generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts. The other way of assuring compliance with an expansive *Bruton* rule would be to forgo use of codefendant confessions. That price also is too high, since confessions "are more than merely 'desirable'; they are essential to society's compelling interest in finding, convicting, and punishing those who violate the law."
>
> \* \* \*
>
> We hold that the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence.

481 U.S. 209-11 (internal citation omitted).

The question posed at the outset of this opinion, namely, whether a statement that passes muster pursuant to Bruton and Richardson must also pass muster pursuant to Crawford was precisely answered in United States v. Lung Fong Chen, 393 F.3d 139, 150 (2d Cir. 2004), where the court held that a co-defendant's statement that encountered no Bruton error also encountered no Crawford error stating "we see no indication that Crawford overrules Richardson or expands the holding of Bruton. We therefore do not find that the admission of any of Tu's statements violated the Confrontation Clause."

For the foregoing reasons, the motion is denied.

SO ORDERED.

Dated: Brooklyn, New York
   December 18, 2007

                S/
               I. Leo Glasser

4