UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA,

                                          MEMORANDUM & ORDER
                                          05-CR-401
      - against -                               16-CV-3642

SHARIEF RUSSELL,

             Defendant.

------------------------------------------------------------x

GLASSER, Senior United States District Judge:

      Pending before the Court in the above-captioned action is pro se petitioner Sharief Russell's unbriefed motion for relief under 28 U.S.C. § 2255. Russell filed his motion on June 27, 2016, in accordance with this District's Administrative Order 2016-05 (the "AO"). The AO provided that, in light of the Supreme Court's decision in *Johnson* v. *United States*, 135 S. Ct. 2551 (2015), petitioners seeking *Johnson*-based relief under § 2255 could submit "form" petitions on or before June 27, 2016, the one-year anniversary of the *Johnson* decision and thus the date the statute of limitations would expire on such relief; the form petitions were to serve as "placeholders," to be supplemented at a future date by a brief setting forth more fully the basis for the requested relief. Here, however, Russell has not supplemented his placeholder petition with a brief, and the extension of time to file a brief that he requested and received has long since expired. Leaving aside Russell's failure to prosecute his petition, the Court denies his § 2255 motion because it is plainly meritless, as discussed below.

## BACKGROUND

      On December 27, 2007, a grand jury returned a twenty-two count superseding indictment charging Sharief Russell and two co-defendants with various racketeering, drug, conspiracy, and

1

firearms offenses. ECF No. 279. The grand jury charged Russell, specifically, with counts of (i) racketeering, (ii) racketeering conspiracy, (iii) cocaine base distribution conspiracy, (iv) use of a firearm during and in relation to a drug trafficking crime, (v) murder in aid of racketeering, (vi) use of a firearm during and in relation to a crime of violence, and (vii) possession of stolen firearms. *Id.* On February 4, 2008, following a trial over which this Court presided, a jury convicted Russell on all seven counts. *See* ECF Nos. 328-29. The Court subsequently sentenced Russell to life imprisonment—specifically, to a term of "LIFE plus 30 years." ECF No. 426. The conviction for murder in aid of racketeering, alone, carried a statutory minimum sentence of life imprisonment. *See* 18 U.S.C. § 1959(a)(1); *United States* v. *James*, 239 F.3d 120 (2d Cir. 2000). On appeal, the Second Circuit affirmed the judgment of conviction. ECF No. 481; *United States* v. *Nieves*, 354 F. App'x 547 (2d Cir. 2009).

Russell filed his § 2255 motion on June 27, 2016, the day the statute of limitations expired on *Johnson*-based relief, in accordance with the AO. ECF No. 549. The letter in which he enclosed his placeholder petition made clear that Russell intended to make a *Johnson* claim. *See id.* at 1. And in the petition itself, Russel indicated that his ground for relief is that some of his convictions—namely the firearms convictions, under 18 U.S.C. § 924(c)—are unconstitutional under *Johnson* because the statute defines the offense as use of a firearm in connection with a "crime of violence." *See id.* at 5. Russell's requested relief is a sentence reduction. *See id.* at 13.

Russell never followed up his placeholder petition with a brief that more fully sets forth the basis for his requested relief. On August 31, 2017, the Court issued an order directing Russell to provide a status update within thirty days. ECF No. 561. Russell responded by filing a letter motion, on September 29, 2017, requesting a thirty-day extension of time to file a memorandum of law. ECF No. 565. Russell's letter indicated that his failure to file a brief was due, in part, to

the Supreme Court's delay in deciding *Sessions* v. *Dimaya*, 138 S. Ct. 1204 (2018), which at that time had not yet been decided. The Court granted Russell's request for an extension. ECF No. 566. That thirty-day extension has long since expired, and the Supreme Court decided *Dimaya* over two months ago. Yet Russell has still not filed a memorandum of law in support of his motion.

## LEGAL STANDARD

Under § 2255, a prisoner in custody under a federal conviction may move the sentencing court to vacate, set aside, or correct the sentence on the grounds that the sentence (i) was imposed in violation of the Constitution or the laws of the United States; (ii) was entered by a court without jurisdiction to impose such a sentence; (iii) exceeded the maximum sentence authorized by law; or (iv) is otherwise subject to collateral attack. 28 U.S.C. § 2255. The petitioner in a § 2255 proceeding bears the burden of proving a ground for relief by a preponderance of the evidence. *Feliz* v. *United States*, Nos. 01 Civ. 5544, 00 CR 53, 2002 WL 1964347, at *4 (S.D.N.Y. Aug. 22, 2002) (citing *Triana* v. *United States*, 205 F.3d 36, 40 (2d Cir. 2000); *Harned* v. *Henderson*, 588 F.2d 12, 22 (2d Cir. 1978)). However, a petitioner proceeding pro se is entitled to a liberal construction of his petition, "which should be read 'to raise the strongest arguments [it] suggest[s].'" *Green* v. *United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham* v. *Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)). In ruling on a § 2255 petition, the district court is required to hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## DISCUSSION

The Court likely could dispose of Russell's motion on the basis of his failure to prosecute it alone. Even if we overlook Russell's failure to file a memorandum of law, however, the description of his claimed basis for relief in his placeholder petition is sufficient for the Court to

conclude that his claim for relief is baseless. *Johnson* and *Dimaya* do not entitle Russell to a sentence reduction, and as such his § 2255 motion is futile.

In *Johnson* v. *United States*, the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violates the Due Process Clause. 135 S. Ct. 2551 (2015). The Supreme Court identified a constitutional infirmity in the ACCA's definition of "violent felony," which reads as follows:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another***.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The residual clause is the catch-all clause at the end of the definition, italicized above. *See Johnson*, 135 S. Ct. at 2556. The *Johnson* Court held that the residual clause is unconstitutionally vague and that, therefore, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557. A year later, in *Welch* v. *United States*, the Supreme Court held that the *Johnson* rule applies retroactively on collateral review. 136 S. Ct. 1257 (2016).

More recently, in *Sessions* v. *Dimaya,* the Supreme Court applied the logic of *Johnson* to the federal criminal code's definition of "crime of violence" and held that its residual clause is also impermissibly vague in violation of the Due Process Clause. 138 S. Ct. 1204 (2018). Section 16 of title 18 provides a two-part definition of "crime of violence":

> The term "crime of violence" means—
>
> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

4

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. The first part of the definition is known as the elements clause; the second part is the residual clause. *See Dimaya*, 138 S. Ct. at 1211. A straightforward application of *Johnson* led the *Dimaya* Court to conclude that this residual clause is just as unconstitutionally vague as the ACCA's residual clause, to which it is substantially identical. *See id.* at 1213-16.

Here, Russell seeks a sentence reduction on the grounds that his convictions for use of a firearm, under 18 U.S.C. § 924(c), are unconstitutional under *Johnson* (and now also, presumably, *Dimaya*). Section 924(c) makes it a crime to use or carry a firearm "during and in relation to any ***crime of violence*** or drug trafficking crime" or to possess a firearm "in furtherance of any such crime." 18 U.S.C. § 924(c)(1)(A) (emphasis added). And "crime of violence," for purposes of this subsection, carries essentially the same two-part definition as in § 16 of title 18:

For purposes of this subsection the term "crime of violence" means an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).[1] Again we have the elements clause and the residual clause—the latter of which has now been held to be unconstitutionally vague (though as it appears in a different provision of the criminal code) in *Dimaya*.[2] The argument Russell intended to make here—and

---

[1] The only difference between the definitions of "crime of violence" in § 16 and § 924(c)(3) is that, in the latter section, the elements clause includes a requirement that the crime be a felony.

[2] The elements clause and the residual clause have also been referred to as the "force clause" and the "risk-of-force clause," respectively. *See United States* v. *Hill*, 890 F.3d 51, 54 & n.5 (2d

5

would have made, should he have filed a brief—is obvious: Together, *Johnson* and *Dimaya* make clear that the residual clause under § 924(c)(3) is unconstitutionally vague, and thus Russell's convictions under § 924(c) were unconstitutional. But this argument must fail.

The Court assumes without deciding that the residual clause of § 924(c)(3) is unconstitutionally vague.[3] The fatal defect in Russell's *Johnson*/*Dimaya* claim is that neither of his firearms convictions relied on the residual clause. Russell was charged and convicted of two counts under § 924(c): (i) use of a firearm during and in relation to a drug trafficking crime and (ii) use of a firearm during and in relation to a crime of violence. The first of these convictions does not implicate § 924(c)(3)'s "crime of violence" definition at all; it hinged on Russell's use of a firearm during a drug trafficking crime, not during a crime of violence. The second firearms conviction was for use of a firearm during a crime of violence, but it does not fall afoul of the *Johnson* and *Dimaya* holdings because, as shown below, the crime of violence at issue—murder in aid of racketeering—qualifies as a "crime of violence" under the elements clause of § 924(c)(3), not its residual clause.

A crime qualifies as a "crime of violence" under the elements clause of § 924(c)(3) if it is a felony and it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Murder in aid of racketeering is a felony, and its elements are (i) murder (ii) "for the purpose of gaining entrance to or maintaining

---

  Cir. 2018); *see also Villanueva* v. *United States*, --- F.3d ----, 2018 WL 3077064, at *1 (2d Cir. June 22, 2018) (noting that the "elements clause" is sometimes called the "force clause").

[3] The Second Circuit was recently presented with this issue and declined to express a view, deciding the case on other grounds. *See Hill*, 890 F.3d at 53 n.2 (citing *Dimaya*, 138 S. Ct. at 1241 (Roberts, C.J., dissenting) ("express[ing] no view" as to whether the majority's holding that 18 U.S.C. § 16(b) is impermissibly vague compels the same result regarding 18 U.S.C. § 924(c)(3)(B))).

or increasing position" (iii) "in an enterprise engaged in racketeering activity." 18 U.S.C. § 1959(a)(1); *see also United States* v. *Wilson*, 579 F. App'x 338, 342-43 (6th Cir. 2014) (listing same elements). And murder, no matter the degree, entails a "use . . . of physical force" sufficient to trigger the elements clause of § 924(c);[4] this conclusion is compelled because the Supreme Court has defined "physical force," in this context, as "*violent* force—that is, force capable of causing physical pain or injury to another person," *Johnson* v. *United States*, 559 U.S. 133, 140 (2010)—and "[m]urder necessarily entails enough force to cause injury since there can be no greater injury than death." *Bonilla* v. *United States*, No. 07-CR-97, 2017 WL 8813076, at *1 (E.D.N.Y. Aug. 23, 2017); *see also, e.g.*, *In re Irby*, 858 F.3d 231, 236 (4th Cir. 2017) (holding that "one cannot unlawfully kill another human being without a use of physical force capable of causing physical pain or injury to another" and thus that a "conviction for second-degree retaliatory murder falls within the [elements] clause"). Therefore, because murder in aid of racketeering is a felony and one of its elements requires the use of physical force against another person, it qualifies as a "crime of violence" under the elements clause, not the residual clause, of § 924(c)(3).

In sum, Russell's *Johnson*/*Dimaya* claim is meritless because he was not sentenced under the residual clause that those cases suggest may be unconstitutional.

---

[4] Here, the murder alleged as the underlying offense of the § 1959(a)(1) violation was second-degree murder in violation of New York Penal Law § 125.25(1). Under New York law, a person is guilty of second-degree murder when "[w]ith intent to cause the death of another person, he causes the death of such person or of a third person." N.Y. Penal Law § 125.25(1).

## CONCLUSION

For the foregoing reasons, the Court denies Russell's § 2255 motion. No hearing is required because the futility of the petitioner's purely legal argument is clear from the case law and the record in this case.

SO ORDERED.

Dated: Brooklyn, New York
June 29, 2018

/s/
I. Leo Glasser